IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY WICKMAN, <br>   ID # 062915, <br>     Plaintiff, | § § § § | |
| v. | § § | No. 3:24-CV-1326-K-BW |
| NAVARRO COUNTY JAIL, <br>     Defendant. | § § § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Jeremy Wickman's Application to Proceed In Forma Pauperis with accompanying certificate of trust account ("CTA"), received on July 8, 2024. (Dkt. No. 6.) Based on the relevant filings and applicable law, the Court should **DENY** the application and dismiss Wickman's case without prejudice unless he pays the $405.00 filing fee by October 30, 2024, or by some other deadline established by the Court.

### I.    LEGAL STANDARDS AND ANALYSIS

Under 28 U.S.C. § 1915(a)(2), a federal district court may authorize a prisoner plaintiff to pursue a civil action in forma pauperis when he submits a financial affidavit and a certified copy of his trust fund account statement, or institutional equivalent, for the six-month period preceding the filing of his complaint that

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management. By Special Order No. 3-354, it was transferred and reassigned to the undersigned on August 23, 2024. (*See* Dkt. No. 7.)

establish his financial inability to pay or give security for applicable court fees "without suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The determination of whether to grant or deny an application to proceed in forma pauperis rests within the sound discretion of the Court. *See id.*

Here, Wickman's financial affidavit in support of his request to proceed in forma pauperis states that he owns property valued at $729,000. (*See* Dkt. No. 6 at 2.) It also states that all of his unspecified previous income is "invested in assets." (*Id.* at 1.) Further, although his CTA shows a negative balance as of January 2024, he has subsequent commissary receipts for discretionary goods that appear to have totaled over $200. (*See id.* at 5.) Based on this information, the Court should find that Wickman has failed to show that payment of the filing fee would cause him undue financial hardship and deny his application to proceed in forma pauperis.

## II.   RECOMMENDATION

The Court should **DENY** Wickman's Application to Proceed In Forma Pauperis, received on July 8, 2024, (Dkt. No. 6), and dismiss his case without

prejudice unless he pays the $405.00 filing fee by October 30, 2024, or by some other deadline established by the Court.

      **SO RECOMMENDED** on September 30, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).